T.C. Memo. 1996-54

UNITED STATES TAX COURT

DAVID E. JACKSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16441-94.                    Filed February 14, 1996.

David E. Jackson, pro se.

<u>Tyrone Montague</u>, for respondent.

MEMORANDUM OPINION

DINAN, <u>Special Trial Judge</u>:    This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]  Respondent determined a deficiency in petitioner's 1992

---

[1]     Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year in

Federal income tax in the amount of $2,238 and an accuracy-related penalty pursuant to section 6662(a) in the amount of $448.

The issues for decision are: (1) Whether petitioner is entitled to claim head of household filing status; (2) whether petitioner is entitled to claim a credit in the amount of $560 for child and dependent care expenses; (3) whether petitioner is entitled to claim an earned income credit in the amount of $1,597; and (4) whether petitioner is liable for the accuracy-related penalty under section 6662(a) in the amount of $448.

Some of the facts have been stipulated and are so found. The stipulations of fact and attached exhibits are incorporated herein by this reference. Petitioner resided in the Bronx, New York, on the date the petition was filed in this case.

During the year in issue, petitioner was unmarried and resided in a two-bedroom apartment with Jewel M. Cleckley, two of Ms. Cleckley's children, and petitioner's daughter, Fatimah, born to Ms. Cleckley and petitioner on June 8, 1992.

The apartment was owned by Ms. Cleckley and petitioner testified he paid $175 per month for the exclusive use of one room for himself and Fatimah. Petitioner testified that the $175 per month was paid in cash pursuant to an oral leasing agreement between himself and Ms. Cleckley. In addition to the $175 per

issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

month, petitioner testified he paid everything towards his daughter's clothing, food, and medical insurance. However, other than his self-serving testimony, petitioner presented no evidence of the amounts expended.

Furthermore, petitioner testified that during the year in issue, he made cash payments to Janet Smith for Fatimah's day care. Petitioner testified that he transported Fatimah to Ms. Smith's house by public transportation in the morning and picked her up in the evening after work. Petitioner testified that the payments totaled approximately $550. However, Form 2441, Child and Dependent Care Expenses, on petitioner's 1992 Federal return reflected that petitioner paid Adelaide Moore $2,000 in child care expenses which resulted in a $560 credit. Petitioner offered no explanation as to the inconsistencies between his testimony and the name and amount claimed on Form 2441. Moreover, petitioner offered no documentary evidence to support either his testimony or the amounts claimed on Form 2441.

Petitioner's 1992 Federal return was professionally prepared and electronically timely filed based on the information petitioner provided to the tax preparer. On petitioner's 1992 Federal return, he claimed head of household filing status, reported wage income of $10,527, unemployment compensation of $1,947, adjusted gross income of $12,474, a standard deduction of

$5,250,[2] personal exemptions for himself and Fatimah, a credit for child and dependent care expenses in the amount of $560, and an earned income credit of $1,597.

In her notice of deficiency, respondent changed petitioner's filing status from head of household to single, disallowed the credit for child and dependent care expenses, disallowed the earned income credit, and assessed a negligence penalty.

The first issue for decision is whether petitioner qualifies for head of household filing status.  Petitioner contends that the room he rented in Ms. Cleckley's apartment constituted a household.  Respondent contends that petitioner failed to satisfy the head of household filing requirements.

We begin by noting that petitioner bears the burden of proving that respondent's determination is incorrect.  Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933).  We further observe that the Court is not bound to accept the unverified, undocumented testimony of petitioner.  Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).  Additionally, a taxpayer is required to substantiate the amounts claimed as deductions, credits, etc., by maintaining the records needed to establish such entitlement.  Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

---

[2]    The 1992 standard deduction for head of household filing status.

In order to qualify for head of household filing status, petitioner must satisfy the requirements of section 2(b). Section 2(b)(1)(A)(i) in pertinent part provides, that a taxpayer who is not married at the close of the taxable year can qualify for head of household filing status by maintaining as his home a household which is, for more than half of the taxable year, the principal place of abode of a child or other qualifying relative. For this purpose, a taxpayer is considered to maintain a household only when: (1) The household constitutes the home of the taxpayer for the taxpayer's taxable year; and (2) the taxpayer pays over half of the cost of running the household. Sec. 2(b)(1); sec. 1.2-2(d), Income Tax Regs. Section 1.2-2(d), Income Tax Regs., further provides:

> The cost of maintaining a household shall be the expenses incurred for the mutual benefit of the occupants thereof by reason of its operation as the principal place of abode of such occupants for such taxable year. The cost of maintaining a household shall not include expenses otherwise incurred. The expenses of maintaining a household include property taxes, mortgage interest, rent, utility charges, upkeep and repairs, property insurance and food consumed on the premises. Such expenses do not include the cost of clothing, education, medical treatment, vacations, life insurance, and transportation. * * *

Petitioner's position is that the room he maintains in Ms. Cleckley's two-bedroom apartment constitutes a household. Petitioner cited no authority for his position. Petitioner testified that he rented one room in the two-bedroom apartment for himself and Fatimah for $175 a month. Petitioner testified

that he could not use the telephone or kitchen without permission.  Other than the $175 per month allegedly paid, petitioner incurred no additional expenditures for utilities, repairs or any other household expenses.  We find that the one room allegedly lived in by petitioner and Fatimah in the two-bedroom apartment owned by Fatimah's mother, without use of a kitchen or telephone, does not constitute a separate household.

Additionally, petitioner failed to prove that he paid $175 a month or, if paid, that it constituted more than half the cost of maintaining a household as his home.  Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.  Ms. Cleckley, Fatimah's mother, was the owner of the two-bedroom apartment.  Ms. Cleckley apparently paid all expenses of maintaining the household to which petitioner allegedly contributed only $175 per month.

Based on the record, we find that petitioner has failed to satisfy his burden of proof.  Rule 142(a).  We are unconvinced that petitioner provided more than half of the cost of maintaining a principal place of abode for his daughter.  Accordingly respondent is sustained on this issue.

The second issue for decision is whether petitioner is entitled to a credit for child and dependent care in the amount of $560.

On petitioner's 1992 Federal return, he claimed a credit under section 21 for child and dependent care expenses in the amount of $560.  Pursuant to section 21(a)(1), petitioner is

entitled to a credit for such expense if he "maintains a household which includes as a member one or more qualifying individuals". As relevant herein, the term "qualifying individual" is defined in section 21(b)(1) as a dependent who is under the age of 13 and with respect to whom the taxpayer is entitled to an exemption. The Court's previous determination that petitioner did not maintain a household for his daughter precludes petitioner from claiming a credit for child and dependent care expenses for 1992. Accordingly, respondent is sustained on this issue.

Thirdly, we must consider whether petitioner is entitled to an earned income credit in the amount of $1,597.

Pursuant to section 32, certain low-income individuals with a child residing in the taxpayer's household may qualify for the earned income credit. Section 32(c)(1)(A)(i) provides that to qualify for the earned income credit an "eligible individual" is an individual who has a "qualifying child" for the taxable year. A "qualifying child" is defined as the taxpayer's child, under the age of 19, who has the same principal place of abode as the taxpayer for more than one-half of the taxable year. Additionally, the taxpayer must identify the child by name, age, and Social Security number. Sec. 32(c)(3). However, if more than one individual constitutes an "eligible individual" with respect to the same "qualifying child" for the same taxable year, then only the individual with the highest adjusted gross income

for such taxable year shall be treated as an "eligible individual" for purposes of the earned income credit.  Sec. 32(c)(1)(C).

The record reflects that Ms. Cleckley, Fatimah's mother, also constitutes an "eligible individual" for purposes of the earned income credit.  Furthermore, Ms. Cleckley's adjusted gross income for the taxable year in issue is $16,205 and higher than petitioner's adjusted gross income.[3]  Accordingly, petitioner is not entitled to the earned income credit, and respondent is sustained on this issues.

Finally, we must consider whether petitioner is liable for the section 6662(a) accuracy-related penalty in the amount of $448.  Section 6662(a) imposes a 20-percent penalty on the portion of the underpayment attributable to negligence. Respondent determined that petitioner is liable for the accuracy-related penalty imposed by section 6662(a), and that the entire underpayment of tax was due to negligence.  "Negligence" includes a failure to make a reasonable attempt to comply with the provisions of the Internal Revenue laws or to exercise ordinary and reasonable care in the preparation of a tax return.  Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.  "Disregard" includes any careless, reckless, or intentional disregard of

---

[3]     Petitioner's 1992 adjusted gross income is $12,474.

rules or regulations. Sec. 6662(c); sec. 1.6662-3(b)(2), Income Tax Regs.

However, section 6664(c)(1) provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment, if it is shown that there was reasonable cause for the taxpayer's position with respect to that portion and that the taxpayer acted in good faith with respect to that portion. Sec. 6664(c)(1). The determination of whether a taxpayer acted with reasonable cause and in good faith within the meaning of section 6664(c)(1) is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor is the extent of the taxpayer's effort to assess his proper tax liability for the year. Id. Reliance by the taxpayer on the advice of a qualified adviser will constitute reasonable cause and good faith, if, under all of the facts and circumstances, the reliance by the taxpayer was reasonable and the taxpayer acted in good faith. Id.

Petitioner had his 1992 Federal return prepared by a paid tax preparer and electronically timely filed based on information provided by petitioner. There is no evidence before us that petitioner's negligence was a result of his reasonable reliance on a qualified adviser. At trial, petitioner made no attempt to substantiate the amounts disallowed as required by section 6001. Furthermore, petitioner's testimony was vague and inconsistent.

Based on the record, we find that petitioner failed to make a reasonable attempt to comply with the provisions of the Internal Revenue laws. Petitioners's lack of substantiation and the unexplained inconsistency in his testimony about the child care expenses claimed compel us to find petitioner liable for the accuracy-related penalty. Accordingly, respondent will be sustained on this issue.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.